**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**CRYSTAL HAMPTON, Individually and on Behalf**                        **PLAINTIFF**
**of All Others Similarly Situated**

**VS.**                            **4:19-CV-00489-BRW**

**HEALTHSCOPE BENEFITS, INC.**                                         **DEFENDANT**

<u>**ORDER**</u>

Pending is a third Joint Motion to Dismiss With Prejudice and to Approve Settlement (Doc. No. 20).

Last week, after reviewing the parties' submissions, I found that liability damages and lawyers' fees had not been negotiated separately. I directed the parties "to return to the negotiating table regarding liability damages with no discussion of fees. If an agreement is reached on liability damages, then you may discuss reasonable fees."[1] In the pending motion, the parties assert that they again entered settlement discussions on liability damages, reached an agreement, and then, separately, reached an agreement on fees. The parties agreed to the same damages and fees as was submitted in their first filing.

Based the submissions explaining the settlement agreement and a review of the record, I find that the settlement represents a fair and reasonable resolution of a *bona fide* dispute and is consistent with the goals of the FLSA. Furthermore, the parties now have negotiated liability damages entirely separately from lawyers' fees, consistent with Eighth Circuit precedent. I note

---

[1]Doc. No. 19.

that my approval of the parties' submission in no way reflects my agreement with Plaintiffs' lawyers continued inflated rates or billing practice.[2]

Accordingly, the Joint Motion to Dismiss With Prejudice and to Approve Settlement (Doc. No. 20) is GRANTED. This case is DISMISSED with prejudice, subject to the terms of the settlement agreement. This Court specifically retains jurisdiction to enforce the terms of the settlement agreement.

IT IS SO ORDERED this 25th day of August, 2020.

                                                  Billy Roy Wilson
                                                  UNITED STATES DISTRICT JUDGE

---

[2] See *Burton v. Nilkanth Pizza Inc, et al*, No. 4:19-cv-00307-BRW, Doc. No. 48 (E.D. Ark. Aug. 24, 2020) (awarding an hourly rate of $250 and admonishing counsel for inappropriate and excessive billing, primarily through unnecessary oversight by a managing lawyer).